BAILES, Judge.
On or about Thursday, June 17, 1967, Mr. A. B. Nicholas, Jr., delivered his eighteen foot Sea Bird inboard-outboard boat to defendant’s place of business, known as Edgewater Sales Company, located at 1607 Veterans Highway in Jefferson Parish, Louisiana, to have certain repair work performed on the gearshifting mechanism. Because of the nature of the work, it was necessary for the boat to be left in the possession of the defendant. When the mechanic was ready on the following Monday to perform the repair work, the boat could not be located. Defendant theorized that the boat had been stolen while it was parked in a display area in front of his place of business.
Mr. Starr immediately notified the police and Mr. Nicholas of the disappearance of the boat. Two days later, defendant received an anonymous telephone call advising him as to the whereabouts of the boat. Immediately the boat was retrieved. The defendant estimated the cost of repairing the damages to the boat at the sum of $721.24. Mr. Nicholas authorized the work, and when it was completed, he paid the repair bill and took delivery of the boat.
This suit was instituted by Lumbermens Mutual Casualty Company, appellee herein, as subrogee of its policyholder, A. B. Nicholas, Jr., to collect the sum of $671.24, being the cost of repairing the boat, less the $50.00 deductible portion under the terms of the policy. Under the terms and conditions of the subrogation both the subrogor and the subrogee have a claim against the alleged debtor, the defendant-appellant.
Appellant timely filed an exception of nonjoinder of parties based on the fact that Mr. Nicholas retained in the subrogation a $50.00 claim against him. The trial court overruled the exception of nonjoinder, and after answer was filed, the matter was tried and judgment was rendered in favor of the appellee in the sum of $671.24. This appeal is from that judgment.
Exception of Nonjoinder
Appellant urges our consideration of the exception of nonjoinder of Mr. Nicholas as a necessary party herein.
LSA-C.C.P. art. 642, provides:
“Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
“An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction,” (Emphasis added.)
And, LSA-C.C.P. art. 697, provides:
“An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
“(1) The subrogor and the subrogee, when the subrogation is partial; or
“(2) The subrogee, when the entire right is subrogated.”
Under the Official Revision Comments of this article, this observation is made:
‡ ‡ *
“(c) A failure to comply with this article produces different results, depending on the circumstances. * * * If there has been a partial subrogation, and the suit is brought only by the subrogor or the subrogee, there is a nonjoinder of a necessary party. See Art. 642, supra. * * * >>
The appellant cannot be considered as having waived the nonjoinder of A. B. Nicholas, Jr., because he made timely *387 objection to the nonjoinder. Under the plain provisions of Articles 642, 697 and the official comments under the latter article, supra, the trial court erred in overruling the exception of nonjoinder. The plaintiff should have been required to bring in the subrogor as a party.
However, we are not going to remand this case for inclusion of Mr. Nicholas as a party. We find no useful purpose would be served in such procedure. Mr. Nicholas appeared as a witness and appellant had the full benefit of his testimony and of cross-examination. Nothing could be gained at this stage by a remand of the case.